IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01745-BNB

ZACHARIAH LUJAN MAESTAS,

    Plaintiff,

v.

TIME COMPUTATION, and
EL PASO COUNTY DIVISION OF ADULT PAROLE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Zachariah Lujan Maestas, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. He initiated this action on June 23, 2014, by submitting *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). As relief he seeks the discharge of his parole.

    On June 26, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Maestas to show cause within thirty days why the Prisoner Complaint should not be dismissed because he failed to assert civil rights claims. In the Prisoner Complaint, he complained about the execution of his sentence. He contended he was incarcerated on a parole hold and should have been released from jail effective June 11, 2014, his statutory discharge date. As a result, he appeared to be asserting habeas corpus claims rather than civil rights claims.

    In the show-cause order, Magistrate Judge Boland informed him that "[t]he

essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The magistrate judge also pointed out that generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland informed Mr. Maestas that he may pursue civil rights claims challenging the conditions of his confinement in the instant action.  However, he was told that if he intended to challenge the execution of his sentence, he must file a separate habeas corpus action pursuant to 28 U.S.C. § 2241.

On July 8, 2014, Mr. Maestas filed a response (ECF No. 7) to the order to show cause.  The Court must construe Mr. Maestas's response liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Prisoner Complaint will be dismissed.

In his response to the show-cause order, Mr. Maestas asserts as follows:

> The prisoner complaint should not be dismissed for the following rights that are currently still being violated.
> 1.  False Imprisonment - because I'm still being held on a parole hold.  After discharging my parole sentence wile [sic] C.D.O.C. continues to collect $ on each day they continue to hold.
> 2.  Fair and equal treatment - because more than a few D.O.C. offenders were served there [sic] discharge of parole papers on the date calculated by Time Comp just like mine (6-11-14) and not only were they discharged but there [sic] parole holds were dropped and parole sentence terminated.

> Allowing them to leave. Or in my situation with a new case. Being discharged with a stipulation that they be discharged to the county jail in which the new crime was committed allowing a person to bond out.

ECF No. 7 at 1.

Mr. Maestas' response concerning his allegedly false imprisonment as a result of still being incarcerated on a parole hold concerns the execution of his sentence, and may be asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241, but not in the instant civil rights action pursuant to 42 U.S.C. § 1983. Mr. Maestas' contention that he is being treated differently than other unidentified DOC offenders whose parole holds were discharged while his was not also concerns the execution of his sentence.

Mr. Maestas' challenge to the failure of Defendants to release his parole hold, if successful, necessarily would imply the invalidity of his incarceration. Therefore, the challenge is not cognizable under 42 U.S.C. § 1983 and is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Plaintiff is not challenging the validity of a criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge other forms of confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). Although Plaintiff does not seek damages, *Heck* still applies. A civil rights action filed by a state prisoner "is barred

(absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Maestas' sole federal remedy to challenge his allegedly illegal parole hold is a writ of habeas corpus. *See Preiser*, 411 U.S. at 500; *Murray v. Dobbs*, No. 09-cv-02021-LTB-MJW, 2010 WL 3522564, at *3 (D. Colo. July 29, 2010) (unpublished). Plaintiff has failed to show cause why the instant action should not be dismissed because he fails to assert civil rights claims appropriate in a 42 U.S.C. § 1983 action. The Prisoner Complaint and the action will be dismissed without prejudice.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Maestas files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice for the failure of Plaintiff, Zachariah Lujan Maestas, to show cause why the instant action should not be dismissed because he fails to assert civil rights claims. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   22nd   day of      July        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court